KITCHENS, Justice,
dissenting:
¶ 30. Because the trial judge erred by refusing to grant a mistrial based on juror Pitts’s statement that she “wish[ed] we would just hang him and get it over with,” I respectfully dissent.
¶ 31. The majority holds that “[t]o show prejudice, Osborne must demonstrate the trial court’s determination that the jury was fair and impartial was clearly erroneous,” citing Ross v. State, 954 So.2d 968, 988 (Miss.2007). However, the Ross Court was presented a very different question: whether a venire member’s comment that she had testified against the defendant tainted the entire jury pool. Id. The controlling standard in the present case is more stringent. When a juror withholds information that would have provided a valid basis for a challenge for cause, as was Juror Pitts’s expression of bias in the present case, prejudice is presumed. Myers v. State, 565 So.2d 554, 558 (Miss.1990). In Myers, 565 So.2d at 558, we explained:
Following a jury’s verdict, where a party shows that a juror withheld substantial information or misrepresented material facts, and where a full and complete response would have provided a valid basis for challenge for cause, the trial court must grant a new trial, and, failing that, we must reverse on appeal. We presume prejudice. Where, as a matter of common experience, a full and correct response would have provided the basis for a peremptory challenge, not rising to the dignity of a challenge for cause, our courts have greater discretion, although a discretion that should always be exercised against the backdrop of our duty to secure to each party trial before a fair and impartial jury.
(Emphasis added.) Thus, in the present case, the trial judge is not given same amount of discretion as in an instance in which the withheld information would have provided a basis for a peremptory challenge. Id.
*849 ¶ 32. Notably, before trial, Juror Pitts called the circuit clerk’s office and asked to be excused. On the day of trial, the trial judge conducted an individual examination of Pitts, during which she stated that jury service would cause her an undue financial hardship. She also told the court that she was trying to sell her house and needed to make repairs to it. Without objection from either party, the trial judge refused Pitts’s request. After a verdict was reached, the court learned, through former venireman Hull, that Pitts had told other jurors during voir dire examination, “I wish we would just hang him and get it over with and get out of here.”
¶ 33. In denying the defendant’s motion for mistrial, the court reasoned that “it was a poor choice of words,” and “if it was a reflection on the death penalty, that wouldn’t apply, I don’t think, in the guilt phase.” The majority accepts this reasoning, concluding that “an aversion to jury duty” would not indicate prejudgment of the case. However, the motive behind her statement, whether it was a predilection for the death penalty or a desire to go home, is immaterial because, under either circumstance, Pitts’s verdict would not have been based only upon the law and the facts. Her ability to be fair and impartial would have been impeded whether she was motived by a desire to “just hang him,” as she purportedly told the other veniremen before trial, or “to get out of here” and “get to work,” as she told the trial court after the jury had rendered its guilty verdict. Her lack of impartiality, if known to defense counsel, would have provided a valid basis for a challenge for cause; thus, we must presume prejudice and reverse. Myers, 565 So.2d at 558.
¶ 34. The majority also relies on the trial judge’s examination of Pitts; but by that time, the judge already had made his ruling denying a mistrial. Furthermore, because a juror cannot impeach her own verdict, the trial judge would have been prohibited from asking the juror the basis for her voting to find the defendant guilty. M.R.E. 606(b). See also Gladney v. Clarksdale Beverage Co., Inc., 625 So.2d 407, 419 (Miss.1993) (“[I]n the interests of protecting the jury system, and the citizens who make it work, rule 606 should not permit any inquiry into the internal deliberations of the jurors.”) (quoting Tanner v. U.S., 483 U.S. 107, 125, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987)).
¶ 35. The majority also faults Osborne for not “pointing] to a particular question Pitts failed to answer during voir dire;” yet, in his brief, Osborne cites three sections of the record where the trial court, the State, and the defense counsel asked the venire members whether they could be fair and impartial.
¶ 36. Finally, though not relevant to the issue of juror impartiality, I take issue with the majority’s characterization of the facts. The opinion states the facts as if they were undisputed; yet, these facts were indeed disputed, and the bulk of the evidence against Osborne came from one of his alleged accomplices and a jailhouse informant.
¶ 37. Juror Pitts’s statement, no matter her motive, clearly called into serious question her ability to be fair and impartial, despite her representations to the contrary during voir dire examination. Because her expressed bias would have provided a valid basis for a challenge for cause, had it been known at the time by defense counsel, the trial judge should have granted a mistrial. Therefore, I respectfully dissent.
GRAVES, P.J., AND DICKINSON, J„ JOIN THIS OPINION.